Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Scott H. McNutt, CSB No. 104696
Marianne M. Dickson, CSB No. 249737
MCNUTT LAW GROUP, LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
(415) 995-8475 Telephone
(415) 995-8487 Facsimile
smcnutt@ml-sf.com
mdickson@ml-sf.com

Proposed Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re<br><br>MONTGOMERY REALTY GROUP, INC.<br><br>Debtor | Case No. 09-31879 DM<br><br>Chapter 11 |

**AMENDED APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF COUNSEL**
**(St. James Law, P.C. and McNutt Law Group LLP)**

The Application of Montgomery Realty Group, Inc., Debtor and Debtor-in-Possession, for an Order authorizing it to employ St. James Law, P.C. and McNutt Law Group LLP (collectively, the "Firms") as its counsel herein respectfully represents as follows:

1. On July 6, 2009, Montgomery Realty Group, Inc. ("MRG Inc.") and its wholly owned limited liability company, Montgomery Realty Group, LLC ("MRG LLC") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code, initiating the above case. No Trustee has been appointed, and MRG Inc. and MRG LLC operate their businesses as Debtors in Possession pursuant to 11 U.S.C. §1101 *et seq.*

### *Events Leading to the Bankruptcy Filing*

2. MRG Inc. was a publicly traded company until it went private in approximately May 2008. MRG Inc. has four principal assets:

    a. 710 Sansome Street, San Francisco, California is a building located on Sansome Street between Battery and Montgomery. It is exclusively occupied by the Keker & Van Nest Law Firm. The Sansome Street property is encumbered by approximately $6 million in deeds of trust and has a current fair market value of between $10 million and $11 million. The debt secured by the first deed of trust matured according to its terms, and the holder of the first deed of trust required MRG Inc. to turnover all rents and profits pre-petition. The debt secured by the second deed of trust is in default and its foreclosure sale was pending when the case was filed.

    b. 447 Battery Street, San Francisco is a three-story commercial/office property located on Battery Street between Clay and Washington. Currently, the third floor is not rented. Once leased, the property should have a value of between $7,500,000 and $8,000,000. It is subject to a deed of trust in favor of East West Bank in the approximate amount of $5,735,000.

    c. The Glen Oaks Apartments are located in Austin, Texas and have 112 units. The property is the subject of substantial deferred maintenance and is in ill repair. The Debtor contemplates raising $500,000 to rehabilitate and re-tenant the property, after which it can be sold or refinanced. The Glen Oaks apartments are subject to a first deed of trust in the approximate amount of $2.2 million and a second deed of trust, also in the approximate amount

of $2.2 million. The second deed of trust is also secured by a first lien on a Honolulu condominium (not owned by the Debtor) which is worth materially more than the debt.

      d.     The fourth asset of MRG Inc. is ownership of MRG LLC. MRG LLC is a single member limited liability company and an affiliated debtor in a parallel bankruptcy case. MRG LLC sole asset is the Concord Park 'N Shop, a shopping center in Concord with two tenants, Joanne's Fabrics and Burlington Coat Factory. The Concord Park 'N Shop is estimated to be worth approximately $18 million and is subject to secured debt aggregating approximately $13,400,000.

3. The Debtor believes that each of the properties is fundamentally sound, but must be reorganized through a Chapter 11 case. The Sansome Street property has substantial equity and by December of 2009 will enjoy substantial positive cash flow. The Battery Street property has substantial equity, but will not be able to cash flow ordinary debt service until its third floor is leased. The Glen Oaks property requires a comparatively small cash investment to rehabilitate, and will realize material equity if the collateral for the debt secured by the second deed of trust is marshaled. The Concord Park 'N Shop has substantial equity and can cash flow its debt service; the holder of the first deed of trust (improperly) asserted a right to default interest and on that basis asserted a right to foreclose.

### *Anticipated Reorganization*

4. Each of the foregoing issues is amenable to resolution through a Chapter 11 Plan of Reorganization. The Debtor intends promptly to propose and prosecute such a Plan

### *The Firms*

5. The Debtor requires the assistance of Chapter 11 counsel with respect to

      a.     The requirements of the Bankruptcy Code respecting its operation as a Debtor in Possession;

      b.     The requirements of the Office of the United States Trustee respecting operating matters and the filing of reports;

      c.     The administration of claims, including the evaluation of timely filed Proofs of Claim;

      d.  The formulation and prosecution of a Plan of Reorganization; and

e. To provide it with general counsel and representation in the course of its Chapter 11 proceedings.

6. The Debtors wish to employ St. James Law and McNutt Law Group jointly as its Chapter 11 counsel (the "Firms"). Each of the Firms is capable Chapter 11 counsel, as reflected in the accompanying Declarations.

7. The Firms charge for their services on an hourly rate basis. As a general rule, the Firm's billing practices are identical for bankruptcy and non-bankruptcy clients. The hourly rates on which the Firms base there are reflective of the services they are expected to provide, but are generally identical for bankruptcy and non-bankruptcy clients. The costs charged to bankruptcy clients when paid from a bankruptcy estate are either identical to or less than the costs charged to non-bankruptcy clients.

8. The Firms are in compliance with the Guidelines promulgated by the U.S. Bankruptcy Court. St. James Law, P.C. does not charge for internal expenses, other than postage and photocopying at $0.10 per page, both billed at the Firm's direct cost. It charges as expenses only direct, out-of-pocket amounts paid to third parties, without mark-up. McNutt Law Group does not charge for internal expenses other than postage. Neither Firm charges for attorney travel time for any travel including attendance at hearings.

9. Except as described herein, the Firms have not shared nor agreed to share any compensation paid or payable by the Debtor with any other entity.

10. The Firms have no connections with the Debtor, creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as follows:

a. The Firms propose to represent both Montgomery Realty Group, Inc. and Montgomery Realty Group, LLC, its wholly owned limited liability company.

b. The Firms received a pre-petition retainer of $50,000 and have been promised a post-petition retainer of $50,000. The bulk of the pre-petition retainer and all of the post-petition retainer were provided by Diversified Investments & Management Corp. ("Diversified"). The Firms conferred with the representative of Diversified to ensure that he understood that the Firms' only clients were Montgomery Realty Group, Inc. and Montgomery Realty Group, LLC, and that

the Firms must be free to sue Diversified or to take other action adverse to Diversified's individual interests, should such action appear to be in the best interests of the Debtor. Diversified confirmed this understanding in Paragraph 23 of the Engagement Agreement.

11. The Firms do not have or represent any interest adverse to either Debtor or the estate and are "disinterested persons", qualified to represent the Debtor in this case.

12. St. James Law will act as lead counsel, and will take primary responsibility for the preparation and prosecution of the Debtor's Plan of Reorganization and its response to any Motions for Relief from Stay. St. James Law has a single full-time professional employee, Michael St. James, whose current hourly rate is $525.00 per hour.

13. The Debtors understand that they have significant duties as part of the Chapter 11 process that could be effectively administered by professionals billing at lower hourly rates. It is contemplated that McNutt Law Group will take primary responsibility for these matters, including the preparation of Schedules and Statement of Financial Affairs, and the Debtor's representation at the Section 341 hearing and in connection with the Initial Debtor Interview administered by the Office of the United States Trustee, as well as with respect to the preparation and filing of Monthly Operating Reports. The individuals employed by McNutt Law Group who are expected to perform most of these services are its paralegals and Marianne Dickson, an associate who currently bills at $275 per hour.

14. The Debtor and the Firms believe that the foregoing hourly rates are consistent with current market rates for professionals with similar experience and expertise. The Firms may retain additional persons from time to time to assist in this representation.

### *Financial Matters*

15. The Firms have been assured an aggregate retainer of $100,000, of which $50,000 has been funded. The Firms submit that they have an enforceable possessory security interest in the portion of the retainer which has been funded, pursuant to Paragraph 7 of their engagement agreement, attached as an exhibit to the accompanying Declaration of Michael St. James.

16. The $50,000 that has already been funded has been allocated among the Firms and the cases as follows:

|  | MRG Inc. | MRG LLC |
|---|---|---|
| St. James Law, P.C. | $15,000 | $15,000 |
| McNutt Law Group LLP | $10,000 | $10,000 |
| **Total** | **$25,000** | **$25,000** |

17. The $50,000 that has not yet been funded has been allocated among the Firms and the cases as follows:

|  | MRG Inc. | MRG LLC |
|---|---|---|
| St. James Law, P.C. | $20,000 | $15,000 |
| McNutt Law Group LLP | $9,000 | $6,000 |
| **Total** | **$29,000** | **$21,000** |

18. The source of 90% of the retainer that has been funded and all of the retainer that has not yet been funded is Diversified Investments & Management Corp. ("Diversified"). Diversified is largely owned and controlled by the principal shareholder and sole director of MRG Inc. Diversified is the property manager for each of the Debtors' properties, and in that capacity, Diversified has permitted substantial management fees to be accrued rather than paid, thereby becoming a substantial unsecured creditor of the Debtors. The Debtors and Diversified perceive their interests to be in complete alignment.

19. Diversified has expressly agreed that its funding of the retainers does not afford it any rights or interests in connection with the representation of the Debtors and that Firms are free to proceed in manners directly adverse to Diversified's interest in the course of representing the Debtors. See, Engagement Agreement, ¶32.

20. The period contemplated by Rule 6003 expires on July 26, 2009. Fed. R. Bankr. P. 6003(a).

WHEREFORE, Applicant prays that the Court make and enter its order:

1. Authorizing and approving the employment of the Firms to act as the Debtor's Chapter 11 counsel herein; and

2. Granting such other and further relief as may be just and proper.

Respectfully submitted,

MONTGOMERY REALTY GROUP, INC.

By: /s/ *James Graeb* .
James Graeb, Responsible Individual

DATED: August 7, 2009        ST. JAMES LAW, P.C.

By: /s/ *Michael St James* .
Michael St. James
Proposed Counsel for the Debtor

DATED: August 7, 2009        McNUTT LAW GROUP, LLP

By: /s/ *Scott H. McNutt* .
Scott H. McNutt
Proposed Counsel for the Debtor