Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com


Scott McNutt, CSB
Marianne Dickson, CSB
MCNUTT LAW GROUP, LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
(415) 995-8475 Telephone
(415) 995-8487 Facsimile
mdickson@ml-sf.com

Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re | Case No. 09-31879 DM |
| MONTGOMERY REALTY GROUP, INC. | Chapter 11 |
| Debtor | |

## PLAN OF REORGANIZATION

### *Dated October 19, 2009*

This Plan of Reorganization (the "Plan") is proposed by Montgomery Realty Group, Inc. (the "Debtor") for the resolution of all claims against it and the real property located at 710 Sansome Street, San Francisco, California, 447 Battery Street, San Francisco, California and 1007 E. Rundberg, Austin, Texas (collectively, the "Real Property") that constitute its principal assets. The Plan provides for a restructuring of the debts encumbering two Continuing Properties, a Surrender of the Glen Oaks Apartments to its secured creditors and for payment of all other claims against the Debtor. The Disclosure Statement accompanying this Plan contains a description of how this Plan treats creditors and provides for the payment of their claims, as well as a discussion of the Debtor's financial condition and an analysis of the alternatives to this Plan.

## ARTICLE I

### DEFINITIONS

A. The following definitions apply in this Plan:

1.1. "447 Battery" means the improved real property located at 447 Battery Street in San Francisco, California.

1.2. "710 Sansome" means the improved real property located at 710 Sansome Street in San Francisco, California.

1.3. "Allowed Claim" means a Claim against the Debtor (a) proof of which was timely filed with the Bankruptcy Court and as to which no objection has been filed; (b) which was listed in Debtor's Schedules of Assets and Liabilities filed herein and (i) not shown as disputed, contingent or unliquidated and (ii) as to which no objection has been filed; or (c) which has been Allowed by a Final Order of the Bankruptcy Court.

1.4. "Avoidance Action" has the meaning provided in Paragraph 4.2.6 of this Plan.

PLAN OF REORGANIZATION                                                              1

1.5.    "Bankruptcy Court" means the Judges of the United States Bankruptcy Court for the Northern District of California, or of the United States District Court for the Northern District of California, as the context requires.

1.6.    "Case" means Chapter 11 Case No. 09-31879 DM of Montgomery Realty Group, Inc..

1.7.    "Causes of Action" means any and all claims and causes of action which might be asserted by the Debtor or the Debtor in Possession.

1.8.    "Claim" means any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or any rights or equitable remedies for breach of performance, if such breach gives rise to a right to payment, whether or not reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

1.9. "Code" means the Bankruptcy Code, codified in Title 11 of the United States Code, 11 U.S.C. §101, et seq., including all amendments thereto.

1.10.    "Confirmation" means the entry of an Order of Confirmation by the Bankruptcy Court.

1.11.    "Confirmation Date" means the date on which the Order of Confirmation is entered.

1.12.    "Continuing Properties" means 710 Sansome and 447 Battery.

1.13.    "Continuing Secured Claims" means the claims secured by liens encumbering 710 Sansome and 447 Battery that are provided for herein.

1.14.    "Creditor" means any person or entity that has a Claim against Debtors.

1.15.    "Debtor" means Montgomery Realty Group, Inc.

1.16.    "Disallowed Claim" means a Claim that has been (i) deemed not allowable against the assets of the Bankruptcy Estate by an order of a Court of competent jurisdiction or by stipulation of the Claim holder and any party objecting to the Claim, (ii) a Claim that has been voluntarily withdrawn by the Claim holder, or (iii) a Claim which the Debtor listed on its Schedule of liabilities as a disputed, contingent, or unliquidated claim and for which the claim holder did not file a proof of claim prior to the Claims Bar Date.

1.17.    "Disputed Claim" means a claim which falls into one of the following categories: (i) a Claim listed by the Debtor in its schedule of liabilities or for which a Proof of Claim has been filed as to

PLAN OF REORGANIZATION                                                                        2

which an objection has been filed and which objection (a) has not been withdrawn, or (b) has not been determined by a Final Order, or (ii) a Claim listed by the Debtor in its schedule of liabilities as being disputed, contingent, or unliquidated, a Claim for which no Proof of Claim has been filed.

1.18. "Effective Date" means a date selected by the Debtor which is not later than 30 days after the Order of Confirmation becomes a final order, provided that the finality requirement may be waived by the Debtor.

1.19. "Estate" means the Debtor or the Reorganized Debtor, as the case may be, in its capacity as the holder of property.

1.20. "Final Decree" means an Order so entitled, which shall be entered as promptly as possible after the Effective Date.

1.21. "Glen Oaks" means the real property and associated personal property and apartment building located at 1007 E. Rundberg in Austin, Texas.

1.22. "Hawaii Condo" means that certain penthouse condominium, commonly known as 425 South Street, Mauka 4502 , Honolulu, Hawaii.

1.23. "Order of Confirmation" means the order confirming the Plan pursuant to Section 1129 of the Code.

1.24. "Person" shall mean an individual, partnership, corporation, trust, unincorporated association, or other entity or association.

1.25. "Plan" means this Plan of Reorganization, including any modification or amendment hereof.

1.26. "Reorganized Debtor" means the Debtor, on and after the Confirmation Date.

1.27. "Rules" mean the Federal Rules of Bankruptcy Procedure.

1.28. "Secured Claim" means a Claim secured by a lien on any property of the Estate, to the extent of the value of the interest of the holder of such Claim in the Estate's interest in such property.

1.29. "Substitute Deed of Trust" means a Deed of Trust in substantially the form of the exemplar filed in the Debtor's case that will be substituted for the existing deed of trust securing, as the context requires, the Class 710-B, Class 710-C, Class 447-B or Class 447-C Claim.

1.30. "Substitute Note" means a Note in substantially the form filed of the exemplar filed in the Debtor's case, that will be substituted for the existing note memorializing, as the context requires, the Class 710-B, Class 710-C, Class 447-B or Class 447-C Claim.

1.31. To "Surrender" property means to cease funding debt service with respect to that property, to offer to transfer that property to its secured creditor(s) or to acquiesce in its secured creditor(s) exercise of their remedies, including foreclosure remedies, with respect to that property.

B. The singular of any of the foregoing definitions includes the plural and vice versa where the context so requires.

C. A term used in the Plan, whether or not capitalized, that is not defined in the Plan but that is used in the Code has the meaning assigned to the term in the Code.

ARTICLE II

DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

2.1. *Claims Provided For Herein*. Various types of Claims and Interests are defined in this Plan. This Plan is intended to deal with all Claims and Interests against or in the Debtor or property of the Debtor or the Estate of whatever character, whether or not with recourse, whether or not contingent or unliquidated, and whether or not previously Allowed by the Bankruptcy Court pursuant to Section 502 of the Code, which arise in any manner on or before the Effective Date. However, only those Claims Allowed pursuant to Section 502 of the Code will receive any distribution under this Plan.

2.2. *Limitation on Inclusion in a Class*. A Claim shall be deemed classified in a particular class only to the extent that the Claim qualifies within the description of that class, and shall be deemed classified in a different class to the extent that any remainder of the Claim qualifies within the description of such different class. A Claim is in a particular class only to the extent that the Claim is an Allowed Claim in that class.

2.3. *Non-Classified Claims*. The following Claims shall <u>not</u> be classified hereunder:

2.3.1. All administrative expenses and other Claims, if any, Allowed pursuant to Section 503(b) of the Code and entitled to priority pursuant to Section 507(a)(1) of the Code, save and except such Claims as are subject to treatment under Paragraph 3.3.3 herein;

2.3.2.   All Allowed Claims of governmental units in respect of any demand for payment of a tax entitled to priority pursuant to Section 507(a)(8) of the Code, including all allowable interest and penalties thereon or with respect thereto; and

2.3.3.   The Allowed Claim of the Office of the United States Trustee in respect of any demand for fees entitled to treatment pursuant to Section 1129(a)(12) of the Code.

2.4.   *Classification of Claims and Interests*.   Allowed Claims not described in Section 3.3 hereof are divided into the following classes:

2.4.1.   *Class 710-A:*   The Allowed Secured Claim of the City and County of San Francisco, which is secured by a first priority tax lien encumbering 710 Sansome.

*2.4.2.   Class 710-B*:   The Allowed Secured Claim associated with that certain Note and first Deed of Trust encumbering 710 Sansome, currently held by Bank of America, N.A. as Trustee for the Registered Certificate Holders of GMAC Commercial Mortgage Securities, Inc. Mortgage Pass Through Certificate Series 1999-WF2, acting through Capmark Financial, Inc.

2.4.3.   *Class 710-C*:   The Allowed Secured Claim associated with that certain Note designated Loan No. 06-073 and second Deed of Trust encumbering 710 Sansome, held by California Mortgage and Realty Group, Inc., as Trustee for CMR Mortgage Fund, LLC, whose beneficiaries are First Street Commercial Mortgage Fund and five individual investors.

2.4.4.   *Class 447-A:*   The Allowed Secured Claim of the City and County of San Francisco, which is secured by a first priority tax lien encumbering 447 Battery.

2.4.5.   *Class 447-B*:   The Allowed Secured Claim associated with that certain Note and first Deed of Trust encumbering 447 Battery, previously held by East West Bank, N.A. and currently held by John Yee.

2.4.6.   *Class 447-C*:   The Disputed Secured Claim associated with that certain second Deed of Trust encumbering 447 Battery, held by East West Bank, N.A.

2.4.7.   *Class GO-A:*   All Allowed Secured Claims of governmental entities which are secured by liens encumbering Glen Oaks, including without limitation the liens of the City of Austin.

2.4.8. *Class GO-B*: The Allowed Secured Claim associated with that certain Note designated Loan No. 05-036 and first Deed of Trust encumbering Glen Oaks, currently held by California Mortgage and Realty Group, Inc. as Trustee for the benefit of CMR Commercial Mortgage Fund, LLC.

2.4.9. *Class GO-C*: The Allowed Secured Claim associated with that certain Note designated Loan No. 08-020 and second Deed of Trust encumbering Glen Oaks and that certain first Deed of Trust encumbering the Hawaii Condo, currently held by California Mortgage and Realty Group, Inc., as Trustee for CMR Mortgage Fund, LLC, whose beneficiaries are First Street Commercial Mortgage Fund and seven individual investors.

2.4.10. *Class GO-D*: All Allowed Claims which are Secured by liens encumbering Glen Oaks, including the claims of BHW UCS; Changing Surface, Inc.; Employment, Etc.; Floor Trends; Franks Painting and Cleaning; HD Supply; HHCC, Inc.; Hire Priority; Holt Carson, Inc.; J4 Development; Maldonado Nursery; Mendo's Painting; Nicolas Professional Cleaning; Roto Rooter Svcs Co.; Sherwin Williams; TNT Glass; Troy Trammel and Associates; and Wilmar Industries.

2.4.11. *Class PRI*: The Allowed Claims entitled to priority under Section 507 of the Bankruptcy Code, if any.

2.4.12. *Class UNS-A*: The Claims of general unsecured creditors of the Debtor, to the extent they may be Allowed, which are less than $10,000, or which elect treatment under Class UNS-A.

2.4.13. *Class UNS-B*: The Claims of general unsecured creditors of the Debtor, to the extent they may be Allowed, which are not otherwise classified herein.

2.4.14. *Class EQT-A*: The Interests of the minority shareholders of the Debtor.

2.4.15. *Class EQ- B*: The Interests of the majority shareholder of the Debtor, and the interests of his family members.


ARTICLE III

<u>MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN</u>

3.1.    On and after the Confirmation Date, all cash on hand will vest in the Debtor, free and clear of claims and liens, and may thereafter be used freely, in the Debtor's unfettered discretion.

3.2.    On the Effective Date, the Debtor shall fund the treatment of all unclassified claims, and every other payment required to be made on the Effective Date.

3.3.    On the Effective Date, the Continuing Property shall revest in the Reorganized Debtor, free and clear of all liens and encumbrances and all creditor claims, rights and entitlements whatsoever, excluding only the liens associated with the Continuing Secured Claims.

3.3.1.    As promptly as practicable after the Confirmation Date, the Debtor shall cause the Substitute Notes to be delivered and the Substitute Deeds of Trust to be recorded, and shall otherwise implement and give effect to the treatment provided by this Plan with respect to the Continuing Secured Claims.

3.3.2.    From and after the Effective Date, the Reorganized Debtor shall use the rental income generated from 710 Sansome and 447 Battery to fund the Plan treatment respecting the Continuing Secured Claims.

3.4.    The Reorganized Debtor shall expeditiously conclude the administration of the case.

3.4.1.    From and after the Effective Date, the Reorganized Debtor shall expeditiously prosecute the Avoidance Action with respect to the Class 447-C lien.  The Debtor may litigate or settle that litigation, and may retain or Surrender 447 Battery following the confirmation of the Plan in its sole discretion.

3.4.2.    As promptly as practicable, and in any event no later than on the Effective Date, the Debtor shall transfer ownership of Glen Oaks and the Hawaii Condo in full satisfaction of the Allowed Secured claim of the holder of the Class GO-C Claim or shall otherwise Surrender Glen Oaks and the Hawaii Condo.

3.4.3.    From and after the Effective Date, the Reorganized Debtor shall evaluate and if appropriate prosecute objections to unsecured claims herein.

3.5.    From and after the Effective Date, the Reorganized Debtor shall accumulate net revenues generated by 710 Sansome and 447 Battery, disbursing them as follows:

3.5.1. First, to the payment of debt service contemplated by this Plan respecting the Continuing Secured Claims, when due;

3.5.2. Second, to the payment of ordinary and necessary expenses of the operation of the Debtor and the Continuing Properties, including the payment of compensation to professionals for post-confirmation services and the payment of taxes incurred by the Continuing Properties and the Reorganized Debtor;

3.5.3. Third, to the establishment of appropriate cash reserves to fund extraordinary repairs, leasing commissions, tenant improvement allowances and other potential and anticipated expenses of the Reorganized Debtor;

3.5.4. Fourth, to the payment in full of all Allowed Class PRI claims, if any;

3.5.5. Fifth, after payment in full of all Allowed Class PRI claims, if any, then to the distribution of dividends on account of Allowed Class UNS-A unsecured claims from time to time until they have received the entirety of the treatment provided herein;

3.5.6. Sixth, after payment in full of all Allowed Class UNS-A Claims, then to the distribution of dividends on account of Allowed Class UNS-B unsecured claims from time to time until they have received the entirety of the treatment provided herein;

3.5.7. Seventh, after payment in full of all Allowed Class UNS-B claims, then to the distribution of the payments to retire the Interests of the Class EQT-A minority shareholders from time to time until they have received the entirety of the treatment provided herein; and

3.5.8. Thereafter, to be used by the Reorganized Debtor in its unfettered discretion.

3.6. All funds which are undisbursed or are returned, e.g., because the recipient of the funds could not be located or because the recipient refused to accept the funds, and any other excess and undistributable cash, including *de minimis* distributions, shall be retained and used or distributed by the Debtor as contemplated by Paragraph 3.5.

3.7. From and after the Effective Date, the Reorganized Debtor may move the Court for such Orders as it deems advisable or beneficial to creditors or for the implementation of this Plan.

3.7.1. From and after the Effective Date, the Reorganized Debtor may prosecute objections to claims.

3.7.2.  Professionals employed by the Debtor in Possession shall submit fee applications with respect to services performed through the Confirmation Date as promptly as practicable, and shall give notice only to those persons specified in Paragraph 3.8.

3.7.3.  Professionals employed by the Reorganized Debtor may be paid in the ordinary course and need not submit fee applications with respect to services performed after the Confirmation Date.

3.8.    Notice of matters that arise following the Confirmation shall be given only to (a) the Reorganized Debtor and its counsel; (b) counsel for the holders of Class 710-B, Class 710-C and Class 447-B claims, (e) the Office of the United States Trustee, and (f) persons who request notice of such matters through a writing served on the Debtor not earlier than the Confirmation Date.

3.9.    As soon as practicable after the Confirmation, the Debtor shall seek entry of a Final Decree in the case.

ARTICLE IV

PROVISIONS FOR TREATMENT OF NON-CLASSIFIED CLAIMS
<u>IMPAIRED CLAIMS AND UNIMPAIRED CLAIMS</u>

4.1.*Non-Classified Claims*.  The non-classified Claims described in Section 3.3 hereof shall be treated as follows:

4.1.1.  With respect to those Claims described in Sections 3.3.1, to the extent, if any, that the holder of such a Claim has not heretofore been paid, then, on the Effective Date or as promptly thereafter as the Claim shall become an Allowed Claim, each holder of such a Claim shall receive from the Reorganized Debtor cash equal to the Allowed amount of such Claim.

4.1.2.  With respect to those Claims described in Sections 3.3.2, to the extent, if any, that the holder of such a Claim has not heretofore been paid, then, as promptly as the Claim shall become an Allowed Claim, each holder of such a Claim shall receive from the Reorganized Debtor cash equal to the Allowed amount of such Claim, together with interest at the rate specified in Section 511 of the Bankruptcy Code.

4.1.3. With respect to those Claims described in Section 3.3.3, to the extent, if any, that such a Claim has become due prior to the Confirmation Date and has not heretofore been paid, then, on the Effective Date, holder of such a Claim shall receive from the Reorganized Debtor cash equal to the Allowed amount of such Claim. Any such claim relating to the period from the Confirmation Date until entry of the Final Decree shall be paid by the Estate promptly after it has been liquidated.

*4.2.Classified Claims and Interests*

4.2.1. <u>Class 710-A</u>: The Class 710-A Claim is unimpaired. To the extent, if any, that the holder of such a Claim has not heretofore been paid, then, on the latter of the Effective Date or the date on which payment would otherwise be due, the holder of the Claim shall receive from the Reorganized Debtor cash equal to the Allowed amount of such Claim. The amount of the Class 447-A Claim shall be limited to the maximum amount of the last Proof of Claim filed by the holder thereof prior to the Confirmation Hearing, if any.

4.2.2. <u>Class 710-B</u>: The Class 710-B Claim is impaired. In full and complete satisfaction of the Class 710-B Claim, the holder thereof shall receive the Substitute Note and the Substitute Deed of Trust secured by its existing lien, and the prior note and deed of trust shall thereafter be of no further force or effect.

4.2.2.1. The principal amount of the Substitute Note shall be the Allowed Amount of the Class 710-B Claim as of the Confirmation Date. The Substitute Note shall provide for monthly payments of interest at the rate of 5.25% and principal, based on a 30-year amortization, but the Substitute Note shall be fully due and payable on the seventh anniversary of the Effective Date. Payments on the Substitute Note shall commence on the first day of the first month following the Effective Date. In the event that the Class 710-B Claim has not been liquidated by agreement of the parties or an Order of the Court prior to such time, the Reorganized Debtor may make tentative payments on any basis agreed by the parties or approved by the Court, subject to reconciliation and revision when the claim is liquidated.

4.2.2.2.     The obligation to the Class 710-B creditor shall continue to be secured by its existing lien, but the Substitute Deed of Trust shall be substituted for its current deed of trust.

4.2.3.   Class 710-C:  The Class 710-C Claim is impaired.   In full and complete satisfaction of the Class 710-C Claim, the holder thereof shall receive a new Substitute Note and Substitute Deed of Trust secured by its existing lien, and the prior note and deed of trust shall thereafter be of no further force or effect.

4.2.3.1.     The principal amount of the Substitute Note shall be the Allowed Amount of the Class 710-C Claim as of the Confirmation Date. The Substitute Note shall provide for monthly payments of interest at the rate of 7.5% and principal, based on a 30-year amortization, but the Substitute Note shall be fully due and payable on the fifth anniversary of the Effective Date.  Payments on the Substitute Note shall commence on the first day of the first month following the Effective Date. In the event that the Class 710-B Claim has not been liquidated by agreement of the parties or an Order of the Court prior to such time, the Reorganized Debtor may make tentative payments on any basis agreed by the parties or approved by the Court, subject to reconciliation and revision when the claim is liquidated.

4.2.3.2.     The obligation to the Class 710-C creditor shall continue to be secured by its existing lien, but the Substitute Deed of Trust shall be substituted for its current deed of trust.

4.2.4.   Class 447-A:  The Class 447-A Claim is impaired.   Real property taxes accrued prior to the 2009-2010 tax year are fixed in the amount of the taxing authority's Proof of Claim at $35,278.28.  That obligation, together with the installment due in December of 2009, will be paid in three equal installments, together with interest at the rate by Section 511 of the Bankruptcy Code, on the first day of the sixth, twelfth and eighteenth month following the Effective Date.  The Reorganized Debtor shall have the right to accelerate these payments in its discretion.  All payments which first come due after the Effective Date; e.g., the April, 2010

installment, shall be timely paid. The taxing authority shall retain its lien to secure payment of all such taxes.

4.2.5. <u>Class 447-B</u>: The Class 447-B Claim is impaired. In full and complete satisfaction of the Class 447-B Claim, the holder thereof shall receive a new non-recourse Substitute Note and Substitute Deed of Trust secured by its existing lien, and the prior note and deed of trust shall thereafter be of no further force or effect.

4.2.5.1. The principal amount of the Substitute Note shall be the Allowed Amount of the Class 447-B Claim as of the Confirmation Date. The Substitute Note shall provide for monthly payments of interest at the rate of 5.25% and principal, based on a 30-year amortization, but the Substitute Note shall be fully due and payable on the seventh anniversary of the Effective Date. Payments on the Substitute Note shall commence on the first day of the first month following the Effective Date. In the event that the Class 710-B Claim has not been liquidated by agreement of the parties or an Order of the Court prior to such time, the Reorganized Debtor may make tentative payments on any basis agreed by the parties or approved by the Court, subject to reconciliation and revision when the claim is liquidated.

4.2.5.2. The obligation to the Class 447-B creditor shall continue to be secured by its existing lien, but the Substitute Deed of Trust shall be substituted for its current deed of trust.

4.2.6. <u>Class 447-C</u>: On or promptly after the Confirmation Date, the holder of the Class 447-C claim shall receive a Substitute Deed of Trust secured by its existing accommodation lien, and the prior deed of trust shall thereafter be of no further force or effect.

4.2.6.1. The Debtor shall commence an Adversary Proceeding seeking to avoid the Class 447-C accommodation lien as a fraudulent transfer (the "Avoidance Action").

4.2.6.2. The holder of the Class 447-C Claim shall not enforce its lien until the Avoidance Action has been resolved. The Court may enter such Orders as may be

just so as adequately to protect any affected interest of the holder of the Class 447-C claim.

4.2.6.3.　　　In the event the Debtor shall obtain final judgment in the Avoidance Action setting aside the Class 447-C accommodation lien, or, if not final, the holder of the Class 447-C claim shall not obtain a stay pending appeal, the Debtor shall have no further obligation with respect to the Class 447-C claim and its lien shall be forever expunged from 447 Battery.

4.2.6.4.　　　In the event the Debtor does not prevail in the Adversary Proceeding, the holder of the Class 447-C Claim shall receive in full satisfaction of its lien and rights, at the Reorganized Debtor's election, *either:*

4.2.6.4.1.　a Surrender of 447 Battery; *or*

4.2.6.4.2.　a Substitute Note secured by the Substitute Deed of Trust.

4.2.6.4.2.1.　　The principal amount of the Substitute Note shall be the Amount of the Class 447-C Claim as of the date of the Reorganized Debtor's election, including within its principal amount interest accrued after the Effective Date of the Plan. The Substitute Note shall provide for monthly payments of interest at the rate of 7.5% and principal, based on a 30-year amortization, but the Substitute Note shall be fully due and payable in on the fifth Anniversary of the Effective Date.

4.2.6.4.2.2.　　Payments on the Substitute Note shall commence on the first day of the first month following the foregoing election. In the event that the Class 447-C Claim has not been liquidated by agreement of the parties or an Order of the Court prior to such time, the Reorganized Debtor may make tentative payments on any basis agreed by the parties or approved by the Court, subject to reconciliation and revision when the claim is liquidated.

Case: 09-31879    Doc# 66    Filed: 10/27/09    Entered: 10/27/09 08:21:55    Page 14 of 20

4.2.6.4.2.3.Any payments made by any other person to the holder of the Class 447-C Claim after the Effective Date on account of the underlying claim shall be credited against the Substitute Note.

4.2.6.4.2.4. The obligation to the Class 447-C creditor shall continue to be secured by its existing lien, but the Substitute Deed of Trust shall be substituted for its current deed of trust.

4.2.7. Class GO-A: The Class GO-A Claim is impaired. From and after the Effective Date, each holder of a Class GO-A Claim may enforce all of its rights and remedies against the Glen Oaks, and any stay associated with the Debtor's bankruptcy case, automatic or otherwise, shall be dissolved.

4.2.8. Class GO-B: The Class GO-B Claim is impaired. From and after the Effective Date, the holder of the Class GO-B Claim shall be free to enforce all of its rights and remedies against the Glen Oaks, and any stay associated with the Debtor's bankruptcy case, automatic or otherwise, shall be dissolved

4.2.9. Class GO-C: The Class GO-C Claim is impaired. As promptly as practicable, but not later than the Effective Date, the Debtor shall transfer the Hawaii Condo and Glen Oaks to the holder of the Class GO-C Claim, or shall otherwise Surrender the Hawaii Condo and Glen Oaks, in full satisfaction of its Allowed Secured Claim.

4.2.10. Class GO-D: The Class GO-D Claims are impaired. From and after the Effective Date, each holder of a Class GO-D Claim shall be free to enforce all of its rights and remedies against the Glen Oaks, and any stay associated with the Debtor's bankruptcy case, automatic or otherwise, shall be dissolved.

4.2.11. Class PRI: The Class PRI Claims are unimpaired. In full and complete satisfaction, the holders of Allowed Class PRI Claims shall receive payment in full of the Allowed amount of their Claims, as promptly as practicable after the Effective Date (or after the date the Claim becomes Allowed, if later). There shall be no distribution to holders of general unsecured claims until after all Allowed Class PRI Claims have received the payment provided herein.

4.2.12. <u>Class UNS-A</u>:  The Class UNS-A Claims are Impaired.  In full and complete satisfaction, the holders of Allowed Class UNS-A Claims shall receive payment of 25% of the Allowed amount of their Claims, up to a maximum payment of $2,500, as promptly as practicable after the Effective Date (or after the date the Claim becomes Allowed, if later).  There shall be no distribution to holders of Class UNS-B Claims until after all Allowed Class UNS-A have received the payment provided herein.

4.2.13. <u>Class UNS-B</u>:  The Class UNS-B Claims are Impaired.  In full and complete satisfaction, the holders of Allowed Class UNS-A Claims shall receive payment in full, without interest, over time.  Specifically, the Reorganized Debtor shall fund distributions on Class UNS-B claims *pari passu* whenever a distribution of at least 20% can be made, or more often, in the Reorganized Debtor's discretion, until such claims are paid in full.

4.2.14. <u>Class EQT-A</u>: The holders of Class EQT-A Interests are impaired.  In full and complete satisfaction, the holders of the Class EQT-A Interests shall receive distributions, from time to time after the satisfaction of Class UNS-B Claims, until they have received an aggregate of $0.50 per share, at which time such Interests shall be cancelled and deemed of no further force or effect.

4.2.15. <u>Class EQT-B</u>: The holders of Class EQT-A Interests are impaired.  The holders of Class EQT-B Interests shall retain such Interests in the Debtor, but the rights and powers of the holders, and the funds that may be distributed to the holder, shall be governed by this Plan.


ARTICLE V

<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

*Assumption of Unexpired Leases and Executory Contracts*.  The leases or rental agreements with the tenants located at the Continuing Properties are hereby assumed.  All other pre-petition executory contracts and leases not previously assumed shall be rejected under this Plan.


ARTICLE VI

<u>MISCELLANEOUS PROVISIONS</u>

6.1.    *Payments on Claims*:

      6.1.1.    *Disputed Claims*.    No distribution shall be made on account of any Disputed Claim, unless and until it becomes an Allowed Claim.  The Reorganized Debtor shall maintain a Disputed Claims Reserve equivalent, at all times, to the aggregate face amount of the Disputed Claims multiplied by the percentage amount of all distributions previously paid to Allowed Claims of the relevant Class.  Promptly upon a Disputed Claim becoming an Allowed Claim, it shall receive the treatment contemplated herein for such a Claim.

      6.1.2.    *No Distribution to Disallowed Claims:*  Notwithstanding any provision of the foregoing, no distribution shall be made on account of any Claim determined to be a Disallowed Claim.

6.2.    *Untimely Claims:*      Proofs of Claim that are not timely filed on or before the applicable Claims Bar Date shall receive no distribution under this Plan.  Claims that assert only "secured" or "priority" status shall not be treated as timely filed claims for the purposes of treatment in Class UNS-A or UNS-B.  The submission of a ballot shall not constitute an amendable informal proof of claim.

6.3.    *Objections to Claims:* Any party in interest may Object to any claim or interest treated herein by filing such Objection with the Court and serving it upon the respondent not later than (a) the 5th day before the first day set for the Confirmation Hearing, or (b) the 20th day after the deadline for filing claims, whichever shall last occur.  The Reorganized Debtor may Object to any claim or interest at any time.  Upon the filing of an Objection, the respondent Claim or Interest shall be Disputed.

6.4.    *Survival of Legal Claims*.    The Reorganized Debtor shall have the right, post-confirmation, to pursue any and all Causes of Action that could have been pursued by the Debtor or the Debtor in Possession.

6.5.    *Integration*.    The provisions of this Plan and the Order of Confirmation supersede any and all prior agreements, documents, understandings, written or otherwise, in respect of any Claim against the Debtors, and the treatment or satisfaction thereof.  All such prior agreements, documents or understandings are merged herein, and no person may thereafter pursue or prosecute any Claim or demand arising out of or pertaining to such superseded agreements, documents or understandings as against the Committee or the Estate.

Case: 09-31879    Doc# 66    Filed: 10/27/09    Entered: 10/27/09 08:21:55    Page 17 of 20

6.6.    *Section Headings*.  The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

6.7.    *Post-Confirmation United States Trustee Quarterly Fees*.  A quarterly fee shall be paid by the Reorganized Debtor to the United States Trustee, for deposit into the Treasury, for each quarter (including any fraction thereof) until this case is converted, dismissed, or closed pursuant to a final decree, as required by 28 U.S.C. § 1930(a)(6).

*6.8.    Chapter 11 Post-confirmation Reports and Final Decree.*

6.8.1.    Post-confirmation Reports.  Not later than 90 days after entry of the Confirmation Order and quarterly thereafter, the Debtor shall file a quarterly post-confirmation status report, the purpose of which is to explain the progress made toward substantial consummation of the confirmed plan of reorganization.  The quarterly reports shall be filed no later than 30 days following the end of the applicable calendar quarter. The report shall include a statement of receipts and disbursements, with the ending cash balance, ending on the last day of a quarter. The report shall also include information sufficiently comprehensive to enable the court to determine:  (1) whether the order confirming the plan has become final; (2) whether deposits, if any, required by the plan have been distributed; (3) whether any property proposed by the plan to be transferred has been transferred; (4) whether the Debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. § 1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved.  Further quarterly reports must be filed every 90 days thereafter until entry of a final decree, unless otherwise ordered by the court.

6.8.2.    Service Of Reports.  A copy of each report shall be served, no later than the day upon which it is filed with the court, upon the United States Trustee and such other persons or entities as may request such reports in writing by special notice filed with the court.

6.8.3.    Final Decree.  After the estate is substantially consummated as contemplated by Paragraph 2.8 hereof, the Debtor shall file an application for a final decree, and shall serve the application on the United States Trustee, together with a proposed final decree.

Case: 09-31879    Doc# 66    Filed: 10/27/09    Entered: 10/27/09 08:21:55    Page 18 of 20

## ARTICLE VII

### RETENTION OF JURISDICTION

The Bankruptcy Court shall retain and have jurisdiction over the Reorganization Case for all purposes provided by the Code, including, without limitation, for the following purposes:

7.1.    To determine any and all objections to the allowance of Claims and to allow, disallow, estimate, liquidate or determine any Claim;

7.2.    To grant full and complete relief upon the request of the Reorganized Debtor;

7.3.    To determine any and all motions for compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Code or the Plan which accrued on or prior to the Confirmation Date;

7.4.    To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date, except as provided in the Confirmation Order, or which shall be commenced on or after the Effective Date and be properly before the Bankruptcy Court, including, without limitation, the Avoidance Action and objections to the Class GO-UNS Claims;

7.5.    To consider any modifications of the Plan, any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Order of Confirmation, to the extent authorized by the Code; and

7.6.    To implement the provisions of the Plan and to issue orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Code.

ARTICLE VIII

<u>MODIFICATION</u>

Pursuant to the provisions of Section 1127 of the Code, the Debtor reserves the right to modify or alter the provisions of the Plan at any time prior or subsequent to Confirmation.


ARTICLE IX

<u>CONFIRMATION REQUEST</u>

If necessary, the Debtor requests Confirmation of the Plan pursuant to Section 1129(b) of the Code.


DATED:          September 29, 2009                    MONTGOMERY REALTY GROUP, Inc.



By:   /s/   *James R. Graeb*     .
        James R. Graeb
Responsible Individual


Presented by:

ST. JAMES LAW, P.C.
McNUTT LAW GROUP, LLP


By:    /s/   *Michael St. James*    .
        Michael St. James
Counsel for the Debtor