1 | Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
2 | 155 Montgomery Street, Suite 1004
San Francisco, California 94104
3 | (415) 391-7566 Telephone
(415) 391-7568 Facsimile
4 | michael@stjames-law.com

5

Scott McNutt, CSB
6 | Marianne Dickson, CSB
MCNUTT LAW GROUP, LLP
7 | 188 The Embarcadero, Suite 800
San Francisco, CA 94105
8 | (415) 995-8475 Telephone
(415) 995-8487 Facsimile
9 | mdickson@ml-sf.com

10 | Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re<br><br>MONTGOMERY REALTY GROUP, INC.<br><br>　　　　Debtor | Case No. 09-31879 DM<br><br>Chapter 11 |

**ADMINISTRATIVE MOTION FOR ORDER
SEALING LEASE MOTIONS AND ANY OPPOSITIONS THERETO**

**447 Battery Street, San Francisco, CA**

TO: THE HONORABLE DENNIS MONTALI
UNITED STATES BANKRUPTCY JUDGE

The Motion of Montgomery Realty Group, Inc., Debtor and Debtor in Possession, for an Order pursuant to Civ. L. R. 79-5 authorizing the filing under seal of Motions to enter into long-term leases respecting 447 Battery Street and to use cash collateral in connection therewith ("Lease Motions") and of any Oppositions to the Lease Motions, respectfully represents as follows:

1. On July 6, 2009 the Montgomery Realty Group, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating the above case. No trustee has been appointed, and the Debtor operates its business as Debtor in Possession pursuant to 11 U.S.C. § 1101, et seq.

*The Battery Street Property*

2. As relevant herein, the Debtor's business is to own and operate, as a landlord, commercial real estate located in San Francisco, California including 447 Battery Street (the "Battery Street Property"). The Debtor purchased the Battery Street Property in 2007, in retrospect at the end of a period of increasing prosperity and immediately preceding the commencement of the Great Recession.

3. The Battery Street Property is located at the northern edge of the Financial District, adjacent to the Jackson Square District. The Battery Street Property fronts Maritime Plaza and is one block from the Transamerica Pyramid and Redwood Park.

4. Although the Battery Street Property is presently a three-story brick building, it enjoys certain development rights (the "TDRs") that would permit it to be re-developed as a nine-story building. Most of the nearby buildings on its block of Battery Street have been developed to a height comparable to nine-stories.

5. The prior owner of the Battery Street Property contemplated embarking upon such development. Preparatory to such development, the prior owner undertook largely to empty the building of tenants.

6. The Debtor acquired the building with the intention of promptly commencing its redevelopment. Unfortunately, with the onset of the Great Recession, development became impractical and the Debtor was required to undertake to re-lease the Battery Street Property in its existing condition in order to generate cash flow. The Debtor's initial expectations were that the recession would be

shallow and short, such that redevelopment could commence within a few years. As a consequence, it attempted to tenant the Battery Street Property with lease terms of approximately three to four years, so as to accommodate redevelopment in 2011.

7. Although the Debtor continues to believe that a substantial portion of the value of the Battery Street Property is associated with its development potential, it expects that several more years will be required before actual redevelopment is cost-effective.

### *Leasing Efforts*

8. As noted, the Battery Street Property was initially acquired for its redevelopment potential, and could not support debt service at the time of acquisition. As a result of expectations respecting the severity of the recession that proved unduly optimistic, the Debtor's efforts to lease the Battery Street Property trailed the market, leaving the building only 45% leased at the commencement of the bankruptcy case.

9. Following the commencement of the bankruptcy case, the Debtor redoubled its efforts to lease the premises, seeking and obtaining the Court's authorization to retain Sperry Van Ness as its leasing broker.

10. From the commencement of the case, the Debtor made it clear that its primary objective was to re-tenant the Battery Street Property so as to render it capable of supporting debt service and generating a positive cash flow. These are extremely difficult times for landlords and the Debtor's efforts to re-tenant the property were unsuccessful for a protracted period of time.

11. Recently, the Debtor's leasing efforts have borne substantial fruit: the Debtor has two letters of intent in hand and is in the final stages of negotiating a third. Specifically, the Debtor has obtained tenants for the empty portion of its ground floor space and for its basement, and is engaged in substantive negotiations respecting its third floor space. Were these negotiations and efforts to reach a successful conclusion, they would render the Battery Street Property capable of sustaining debt service and operating on a cash flow positive basis.

### *Contested Lease Motions and the Need to Seal*

12. Unfortunately, the holder of the first mortgage encumbering the property, John Yee, has premised his efforts to obtain permission to foreclose on the Battery Street Property on its inability to support debt service. Mr. Yee opposes the proposed ground floor lease and the use of cash collateral to implement that proposed lease, and may oppose other proposed leases, which opposition the Debtor believes is associated with his litigation strategy.

13. Prosecuting a non-consensual effort to implement the proposed leases (the "Lease Motions") will require the Debtor to disclose to the Court and affected parties otherwise confidential business information respecting its marketing strategy. Public knowledge of that confidential marketing information, especially if accessed by potential tenants for the Battery Street Property, would be harmful to creditors and the estate.

14. Moreover, as part of the leasing process, the Debtor has been required to investigate the creditworthiness of the prospective tenants and to obtain confidential financial information in connection therewith. The prospective tenants have legitimate confidentiality interests with respect to their financial condition, which interests the Debtor is obligated to honor.

15. For all of the foregoing reasons, the Debtor believes the information contained in the Lease Motions "is privileged or protectable as a trade secret or otherwise entitled to protection under the law" as contemplated by Civil Local Rule 79-5(a). It would be appropriate for the Court to enter an Order authorizing the prosecution of Lease Motions respecting the leasing of the 447 Battery Property under seal.

16. John Yee, the opposing party with respect to the leasing of Battery Street Property, has consented to the prosecution of the Lease Motions under seal.

17. East West Bank holds a second deed of trust encumbering the Battery Street Property which is the subject of a pending avoidance action. Until the avoidance action is resolved, East West Bank has an interest in the Battery Street Property and will therefore be served with Lease Motions. East West Bank has not taken an active role in the bankruptcy case for many months. Its counsel has been unavailable for the past few days, and so his consent to the instant motion was not sought.

18. There are no active participants in this case who have interests in the leasing of the Battery Street Property other than Mr. Yee and potentially East West Bank. The Debtor therefore submits that it would be appropriate to limit the service of the Lease Motions to Mr. Yee and East West Bank.

WHEREFORE, the Debtor prays that the Court make and enter its Order:

1. Determining that, under the circumstances, no further notice or opportunity to be heard is appropriate;

2. Determining that any Lease Motion the Debtor files may be submitted under seal;

3. Determining that all responsive papers respecting a Lease Motion shall be filed under seal;

4. Determining that the transcript of any hearing on a Lease Motion shall be maintained under seal; and

5. Granting such other and further relief as may be just and proper.

DATED: April 1, 2010            Respectfully submitted,

ST. JAMES LAW, P.C.
McNUTT LAW GROUP, LLP

By: /s/ *Michael St. James* .
    Michael St. James
Counsel for the Debtor